**Jeffrey M. CAMARDA and Kimberly K. Camarda, Appellants**

v.

**CERTIFIED FINANCIAL PLANNER BOARD OF STANDARDS, INC., Appellee**

**No. 15-7080**
**September Term, 2016**
**Consolidated with 15-7089**

United States Court of Appeals, District of Columbia Circuit.

Filed On: October 4, 2016

Jeffrey S. York, Balch & Bingham LLP, Jacksonville, FL, for Appellants.

Jessica L. Farmer, Steven D. Gordon, Esquire, Christine N. Walz, Attorney, Holland & Knight LLP, Washington, DC, for Appellee.

Before: Srinivasan and Wilkins, Circuit Judges, and Silberman, Senior Circuit Judge.

## JUDGMENT

PER CURIAM

This appeal of a grant of summary judgment and cross-appeal of a denial of a motion for sanctions by the United States District Court for the District of Columbia was presented to the Court, and briefed and argued by counsel. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED AND ADJUDGED** that the District Court's grant of summary judgment be affirmed and the District Court's denial of the motion for sanctions be vacated and remanded.

The District Court's grant of summary judgment was proper. Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A movant is entitled to summary judgment when the evidence is such that a reasonable jury, drawing all reasonable inferences in the non-movant's favor, could not return a verdict for the non-movant." *Walker v. Johnson*, 798 F.3d 1085, 1091 (D.C. Cir. 2015). "[T]he defendant need only identify the ways in which the plaintiff has failed to come forward with sufficient evidence to support a reasonable jury to find in her favor on one or more essential elements of her claim." *Grimes v. District of Columbia*, 794 F.3d 83, 93 (D.C. Cir. 2015).

Appellants, Jeffrey and Kimberly Camarda, are Certified Financial Planners who applied to the Certified Financial Planner Board of Standards, Inc. (CFP Board) for, and were granted, certification and the right to use the designation "Certified Financial Planner." The use of the certification was governed by the CFP Board's "Terms and Conditions of Certification," which incorporate by reference certain policies of the CFP Board. After an anonymous complaint, the CFP Board conducted disciplinary proceedings to adjudicate alleged violations of those terms and conditions by Appellants. The disciplinary proceedings culminated in the CFP Board's decision to issue Appellants a public letter of admonition. To forestall the issuance of the public letter, Appellants sought an injunction—among other remedies—in the District Court, pressing a number of claims based on purported defi-

ciencies in the disciplinary process. After discovery concluded, the District Court entered summary judgment for the CFP Board, which Appellants now appeal. At the same time, the District Court denied a number of discovery-related motions as moot. In a cross-appeal, the CFP Board argues that the denial of one of those motions—a sanctions motion alleging that Appellants circumvented the District Court's order staying discovery—was improper because the entry of summary judgment did not render the motion moot.

Appellants contend that the CFP Board breached its contract with them by failing to abide by the procedures that governed the disciplinary process in which the CFP Board adjudicated alleged violations of its rules. The Terms and Conditions of Certification contain a choice of law clause specifying that they are governed by the laws of the District of Columbia. Under D.C. law, the elements required to prevail on a claim of breach of contract are "(1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach." *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009). Here, the existence of a valid contract— the Terms and Conditions of Certification, which incorporated by reference the rules and policies of the CFP Board—is undisputed. Similarly, the CFP Board does not claim that it had no duty under the contract. Instead, the primary disputed issue is whether the CFP Board breached its contractual duty.

Appellants allege several violations of the CFP Board's rules during the disciplinary process. Importantly, the facts that undergird these allegations are not in dispute. Rather, the parties differ on whether the undisputed facts constituted violations of the CFP Board's disciplinary procedures. After reviewing the record and Ap-

pellants' allegations, there is insufficient evidence in the record to support the legal conclusion that any of the CFP Board's rules or disciplinary procedures were breached by the CFP Board.

Appellants argue that, even if no express provision of the CFP Board's rules were violated, the CFP Board breached the implied duty of good faith and fair dealing. Under D.C. law, "all contracts contain an implied duty of good faith and fair dealing, which means that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Allworth v. Howard Univ.*, 890 A.2d 194, 201 (D.C. 2006) (internal quotation marks omitted) (quoting *Paul v. Howard Univ.*, 754 A.2d 297, 310 (D.C. 2000)). "Bad faith requires more than mere negligence; examples include lack of diligence, purposeful failure to perform, and interference with the other party's ability to perform." *Wright v. Howard Univ.*, 60 A.3d 749, 754 (D.C. 2013). "Fair dealing means reasonable conduct that is not arbitrary and capricious." *Id.* The D.C. Court of Appeals has repeatedly rejected claims of bad faith and unfair dealing where the defendant had established procedures for denying entitlements or imposing discipline, and the defendant followed those procedures. *See, e.g., Allworth*, 890 A.2d at 202–03; *Paul*, 754 A.2d at 310–11; *Alden v. Georgetown Univ.*, 734 A.2d 1103, 1111 n.11 (D.C. 1999). Despite Appellants' protests to the contrary, the behavior by the CFP Board was neither "more than mere negligence" nor "arbitrary or capricious." Instead, the record shows that the CFP Board followed its disciplinary procedures and therefore did not violate the implied duty of good faith and fair dealing.

Appellants also argue that it was a breach of the implied covenant of good faith and fair dealing for the CFP Board to

"single out" the Camardas and not bring similar enforcement actions against other certificants who operated similarly. As Judge Posner noted in memorable terms, the fact that a party may have treated some counterparties "more leniently is no more a defense to a breach of contract than laxity in enforcing the speed limit is a defense to a speeding ticket." *Original Great Am. Chocolate Chip Cookie Co., Inc. v. River Valley Cookies, Ltd.*, 970 F.2d 273, 279 (7th Cir. 1992). Just as selective enforcement is not a defense to a breach of contract, nor is selective enforcement alone a breach of the implied covenant of good faith and fair dealing. *Cf. Bagley v. Found. for Pres. of Historic Georgetown*, 647 A.2d 1110, 1114 (D.C. 1994) ("[Plaintiff] has cited no constitutional, legislative, or common law authority—and we know of none—under which one who has breached a contract with a private actor may escape the consequences of his breach upon the ground that the party seeking to enforce the agreement has acted more leniently *vis-a-vis* persons who have failed to comply with separate agreements with the enforcing party.").

Even if there were a genuine factual dispute as to any of the alleged procedural deficiencies, Appellants have not adduced any record evidence that a perfect process would have led to ·a different outcome. In the absence of such a showing, any dispute about procedural faults does not involve a *material* fact, because the CFP Board is nonetheless entitled to judgment as a matter of law on the grounds that the Camardas failed to establish the fourth element of a breach of contract ("damages caused by breach") or demonstrate any genuine dispute of material fact with respect to that element.

As an alternative to their breach of contract claim, Appellants contend that the CFP Board committed the tort of unfair competition. Under D.C. law, the common law tort of "[u]nfair competition is not defined in terms of specific elements, but by the description of various acts that would constitute the tort if they resulted in damage." *Furash & Co., Inc. v. McClave*, 130 F.Supp.2d 48, 57 (D.D.C. 2001). The acts that may support a claim for unfair competition at common law are "defamation, disparagement of a competitor's goods or business methods, intimidation of customers or employees, interference with access to the business, threats of groundless suits, commercial bribery, inducing employees to sabotage, false advertising or deceptive packaging likely to mislead customers into believing goods are those of a competitor." *B & W Mgmt., Inc. v. Tasea Inv. Co.*, 451 A.2d 879, 881 n.3 (D.C. 1982) (citing WILLIAM PROSSER, HANDBOOK OF THE LAW OF TORTS 956–57 (4th ed. 1971)). Appellants have failed to establish that the CFP Board committed any of these acts— or that there was a genuine dispute as to any material fact with respect to such acts—and summary judgment in favor of the CFP Board was therefore appropriate.

After Appellants filed a notice of appeal of the· District Court's entry of summary judgment, the CFP Board filed a notice of cross-appeal, challenging the ·District Court's denial of a sanctions motion as moot. Under the Federal Rules of Appellate Procedure, a notice of appeal in a civil case must be filed "within 30 days after entry of the judgment or order appealed from." FED. R. APP. P. 4(a)(1)(A). An exception to this rule is that, "[i]f one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed." FED. R. APP. P. 4(a)(3).

The CFP Board's notice of cross-appeal was filed forty-two days after the entry of the order denying the motion for sanctions and twelve days after Appellants' notice of

appeal was filed. Therefore, to be timely, the CFP Board's notice of cross-appeal must fall within Rule 4(a)(3)'s exception. Appellants' notice of appeal was timely filed—on the thirtieth day following the entry of the order it sought to appeal—and, therefore, the fourteen-day extension period was triggered. Even though the CFP Board's cross-appeal involves a separate order from that appealed by Appellants, nothing in Rule 4(a)(3) limits the extension period to cross-appeals of the order that was the subject of the initial notice of appeal. The Sixth, Eighth, and Tenth Circuits have all interpreted Rule 4(a)(3) as "allowing any party to file a notice of appeal from *any order* within fourteen days after another party appealed a decision of the district court," finding that this interpretation is consistent with the purpose of the rule and the commentary that accompanied its enactment which suggested that its application was intended to be broad. *Woodruff v. Covington*, 389 F.3d 1117, 1121 (10th Cir. 2004) (emphasis added); *see also Murphy v. Arkansas*, 127 F.3d 750, 753 n.2 (8th Cir. 1997); *Kurdziel v. Pittsburgh Tube Co.*, 416 F.2d 882, 883–85 (6th Cir. 1969). Accordingly, the CFP Board's cross-appeal was timely filed.

As mootness is a question of law, *see Gul v. Obama*, 652 F.3d 12, 15 (D.C. Cir. 2011), we review the District Court's denial of the motion for sanctions *de novo*. A determination of mootness is proper "if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Am. Bar Ass'n v. Fed. Trade Comm'n*, 636 F.3d 641, 645 (D.C. Cir. 2011). The CFP Board's motion for sanctions requested several different categories of sanctions, among them the reimbursement of the CFP Board's attorneys' fees by Appellants. The grant of summary judgment did not moot this motion because an order compelling the payment of attorneys' fees would affect the rights of the parties, notwithstanding the termination of the litigation. Therefore, the District Court's denial of the motion for sanctions on mootness grounds is vacated and remanded for reconsideration.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.